A. D. MITCHELL, ADMINISTRATOR, ETC., RESPONDENT, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAIL-ROAD COMPANY, APPELLANT.

*Contributory negligence — what constitutes — Pecuniary injury caused by death of any person — must be proved by party claiming damages.*

Plaintiff's intestate was killed while crossing the tracks of defendant, at their intersection with Broadway, in Greenbush. At the time of the accident, the intestate was walking toward the north, on the east side of Broadway. The tracks, three in number, cross the street in a north-westerly direction. Several cars were standing on the south track; the second track, distant six feet from the first, was clear; the third was twenty feet from the second. After passing the cars, there was nothing to obstruct the view. The intestate was killed while crossing the third track, by an engine going north. *Held*, that the plaintiff was guilty of contributory negligence and could not recover.

At the trial no special damages were proved. The jury rendered a verdict for $4,000. *Held*, that the recovery must be confined to the pecuniary loss sus-

tained by the death of the intestate, and that damages could only be awarded on proof of loss; that, as in this case there was no proof that any pecuniary loss resulted to any person, the verdict was without any evidence to support it.

THIS is an appeal by the defendant from an order of the Special Term, refusing a new trial on the minutes of the court; and also from a judgment, entered on the verdict of a jury, for $4,000 damages, and $1,337.87 costs.

The action was brought to recover damages for negligently killing Elizabeth M. Mitchell, on the 23d October, 1870, while crossing a public highway in the village of Greenbush. The deceased, who was the wife of the plaintiff, and aged about twenty years, was walking from the south toward the north, on the eastern sidewalk of Broadway, in the village of Greenbush. When they reach the next street which crosses Broadway, the tracks make a short curve toward the north-west, and then cross the street diagonally in that direction. At that place, the deceased, while crossing the cross-street on her way toward the north, after passing over two tracks, was struck by the engine, coming from the south, and instantly killed. There were seven freight box-cars standing still on the track, east of Broadway, and next to it, which line of cars extended north so far as to lap over across the sidewalk. These cars obstructed the view toward the east, to any person opposite them on the sidewalk. Six feet beyond the track on which the seven freight cars stood, was a second track; and further on, a third and diverging track, which, a little south of the crossing, gradually diverged, so that it was about twenty feet from the second track, at the place where the deceased was killed when crossing the third track.

At this crossing there was a running switch; and as the engine, with two baggage and three freight cars, moved toward the north, the cars were switched off to pass by on the second track, and the engine proceeded on the third track to and beyond the point where it struck the deceased. The deceased passed the end of the line of standing cars, crossed the second track, passed over the space of twenty feet between the second and third tracks, and, when crossing the third track, was struck by the engine and killed. Evidence was given tending to show that the bell was not rung, nor the whistle sounded; and there was also some proof as to the speed of

the engine at the time of the injury.   No proof of special damage was offered.

At the close of the case, the defendant's counsel moved for a dismissal of the complaint, on the ground that from the proof it appeared that the negligence of the plaintiff's intestate contributed to the injury complained of.   The motion was denied, and an exception was duly entered.

The defendant's counsel requested the court to charge the jury, that the plaintiff, on the evidence, could recover only nominal damages ; also that there was no evidence upon which to base any calculation as to the pecuniary value of the life of the deceased. The court declined to charge as requested, and an exception was duly entered.   Other exceptions were taken to portions of the charge, and to refusals to charge as requested, here unnecessary to be noticed.

The jury returned a verdict for the plaintiff, for $4,000.  A motion was thereupon made for a new trial on the minutes of the court, which was denied ; and from the order denying a new trial, and from the judgment entered on the verdict, appeal was taken to the General Term.

*E. L. Fursman,* for the appellant.

*A. J. Parker,* for the respondent.

BOCKES, J. :

There was undoubtedly evidence given on the trial, bearing on the question of defendant's negligence, sufficient to make the case a proper one for the jury on that branch of it ; but it seems quite clear that the negligence — not to say gross carelessness — of the plaintiff's intestate, contributed to the injury for which the recovery was had.   Let it be conceded that the line of standing cars entirely cut off and prevented the view from the sidewalk, for over 200 feet southerly from the crossing, and it then stands undisputed, that, on passing the end of the line of those cars, the deceased came to a place where there was an unobstructed view on her right, and along the track, enabling her, without other difficulty than merely turning her head, to see an approaching train.   There

was, first, the space between the first and second track — about six feet; then the width of the second track; and then a further space of twenty feet to the third track, on which the accident. occurred. · Over this distance the deceased passed, as it appears, with nothing to obstruct the view in the direction of the approaching engine. Had she but turned her head a trifle, to make observation, the danger must have been seen. Indeed, when the deceased approached the third track, after passing the second, she had abundant opportunity, in a place of absolute safety, to make observation, which, if done, would have disclosed the danger in time for her readily to avoid it. Before attempting to cross this third track, and when in a place of absolute safety, it was her duty to look both ways, in order to avoid possible dangers.

It has been repeatedly held, that the omission of such precau-, tion is negligence, and will prevent a recovery for an injury occa-. sioned by a passing train.* In *Wilcox* v. *The Rome, W. & Og. R. R. Co.*, it was decided, that, when the deceased was killed in attempting to cross the railroad track, within the limits of the. public highway, and at a public crossing, if it appear that the deceased would have seen the approaching cars in season to have avoided them, had he first looked before attempting to cross, it will be presumed that he did not look; and, by omitting so plain and imperative a duty, he will be deemed to have been guilty of negligence which precludes a recovery. This decision covers the case at bar, in all its principal phases. The deceased had the opportunity, in a place of safety, to make the necessary observa-. tion. The view was not obstructed by any intervening object. The locality and numerous tracks admonished her of danger, and she was bound to vigilance and the exercise of ordinary prudence. It was not necessary for her even to stop to look, as the mere turning of the head would have brought the line of tracks into full view, for a considerable distance in the direction from which, danger was to be apprehended. There was no other moving car; nothing whatever to divert or distract the attention, or to induce confusion. Thus, without excuse for the omission, the deceased

* Haight v. N. Y. C. R. R., 7 Lansing, 11; Davis v. N. Y. C. & H. R. R. R. Co., 47 N. Y., 400; Barker v. Savage, 45 id., 191; Gorton v. The Erie R. Co., 45 id., 661; Beisiegel v. N. Y. C. R. R. Co., 40 id., 9, 22; Wilcox v. Rome, Watertown & Og. R. R. Co., 39 id., 358.

evidently neglected the usual precaution for safety, and, with culpable heedlessness, placed herself in the way of disaster. Therefore, according to the well settled rule applicable in such cases, there can be no recovery for the injury to which her own palpable negligence contributed. The motion for a dismissal of the complaint should have been granted.

I am also clearly of the opinion, that the verdict of $4,000, is unauthorized by the proof. The recovery in this class of actions, must be confined to the pecuniary loss sustained by the death of the intestate; and damages can only be awarded on proof of loss. The rule was recognized in *McIntyre* v. *N. Y. Cent. R. R. Co.* * that the burden was upon the plaintiff to prove the pecuniary injury, and such facts as could enable the jury to determine what would be a fair and just compensation for the death of the party; and it is there intimated, if not in fact asserted, that such proof was necessary, in order to entitle the plaintiff to recover more than nominal damages. In the case at bar, there was no proof of pecuniary loss to any one, except what might be inferred from the two facts, that the deceased was a married woman, and aged twenty years. There was no evidence given of her capabilities, mental or physical; nor of her situation and circumstances in life; nor how she had been or could be of benefit to her husband and next of kin. There was no proof whatever, showing that her life was of any pecuniary value or advantage to any one. Therefore, there was no proof that any pecuniary loss resulted to any person from her death, and the verdict of $4,000, is without evidence to give it support. It must have been the result of mere conjecture. As the case is here presented on the proof, no more than nominal damages were recoverable, had the right of action in other respects been established.

The order and judgment appealed from must be reversed, and a new trial granted, with costs to abide the event.

Present — BOOKES and BOARDMAN, JJ.

Order and judgment reversed and new trial granted, costs to abide event.

* 37 N. Y., 287, 289.